**AFFIDAVIT**

I, David R. Paramore, being duly sworn, declare and state as follows:

## I. INTRODUCTION

1. I am a Task Force Officer with United States Secret Service South Carolina Cyber Fraud Task Force ("USSS SC CFTF") and have been so employed since January 2023. I am currently assigned to the Greenville Residence Office to perform duties as a Task Force Officer (TFO) and investigate financial crimes to include wire fraud, identity theft, credit card fraud, bank fraud, crypto-currency fraud, and money laundering. I am currently employed at the city of Greenville Police Department and have been so employed since June, 2009. I am currently assigned to the Criminal Investigations Division since June, 2017, under the Economic Crimes Unit. As an Economic Crimes Detective, I have received training at the South Carolina Criminal Justice Academy. This training covered aspects of criminal investigation and law enforcement. I have participated in numerous investigations of violations of criminal law including matters involving fraud and white-collar crimes. I have attended numerous training courses involving financial related crimes and crimes involving cryptocurrency, specifically the National Computer Forensics Institute.

## II. PURPOSE OF AFFIDAVIT

2. This affidavit is made in support of an application for a warrant to seize the following (the "Subject Funds"):
All United States Currency in the suspect's J.P. Morgan Chase Bank NA Account #720153678 (the "Subject Account"), and under the business

name DreamBig Worldwide Entertainment Industry LLC, and titled to Alexander Centeno.

3. As described more fully below, there is probable cause to believe that the Subject Funds represent the proceeds of one or more violations of 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 1956 (Money Laundering), or a conspiracy to commit the same, (the "Subject Offenses"), committed by unknown persons and transferred into the JP Morgan Chase Bank NA account #720153678 and are therefore subject to seizure pursuant to 18 U.S.C. § 981(b) and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) & (C).

4. In addition, there is probable cause to believe that the Subject Funds are subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853(f) because the property would, in the event of conviction on the alleged underlying offenses, be subject to forfeiture, and an order under section 21 U.S.C. § 853(e) would not be sufficient to assure the availability of the property for forfeiture.

5. The facts set forth in this affidavit are based upon my personal observations, my training and experience, bank investigators, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not purport to set forth all of my knowledge of, or investigation into, this matter.

6. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only, and all dates and amounts are approximations.

### III. SUMMARY OF PROBABLE CAUSE

1. USSS and local law enforcement agencies are investigating unknown criminal actors, who through means of a cyber scheme received proceeds from a cyber hacking scheme with the intent of obscuring the nature, origin, and ownership of the funds. The victim unknowingly answered several phone calls from bank impersonators stating his/her bank had been compromised and they were freezing her account. The victim went through several prompts and questions with the bank impersonators, ultimately allowing the bank impersonators access to his/her bank account. Approximately eighteen wire transfers occurred from the victim's account to multiple bank accounts, one of them being a J.P. Morgan Chase Bank, NA account. Bank fraud investigators identified that account as holding likely fraudulently obtained funds and placed a hold on the account.

2. As set forth below, the Subject Account was used by the suspect to receive the proceeds of the above-described scheme. Investigating agents believe that the Subject Account was used to receive the deposited funds that were obtained through fraud. Therefore, there is probable cause to believe that the Subject Funds are subject to seizure and forfeiture by the United States.

### IV. STATEMENT OF PROBABLE CAUSE

3. Based on witness interviews, documents obtained from third parties, reports of interviews conducted by other law enforcement officers, conversations with other law enforcement officers, and publicly filed documents, I know the following:

### A. Background on Financial Account Compromise Scheme

Often in Account Compromise schemes, the victim is contacted through various means and, in this case, an unknown individual began communicating with the victim after the notification was made by telephone, indicating fraud on the victim's bank account. At the opportune time, the individual identifies themselves as the "fraud department" and convinces the victim to download a mobile application to their electronic device such as a computer or cellular phone, which then gives the illicit actor access to all accounts on a victim's electronic device. This is a common scheme being tracked by numerous federal agencies.

### B. Theft and Account Compromise Scheme

4. Based on conversations, emails and documents received during this investigation, I learned the following:

   a. On or about July 1st, 2025, a resident (R.K.) of Spartanburg, SC answered a phone call from who they thought was an Ameris Bank "fraud department". The victim has business accounts with Ameris Bank under the account names Enchanted Construction LLC, Cornerstone Real Estate, and ECS Development LLC and, therefore, did not suspect any fraudulent pretenses. The conversation continued over a series of phone calls with the Ameris Bank fraud department stating there was fraud on that account. The illicit actor named unidentifiable charges on the victim's account and asked the victim if they were fraudulent, to which he/she replied yes. The victim was instructed by the illicit actors to download a mobile application that would be the approval access into the victim's bank account. At this time, the illicit actors posing as the Ameris Bank fraud

department began to gain access to the victim's financial accounts through that mobile application on the phone and began wiring funds to multiple bank accounts from the victim's accounts.

    b. On July 1st, unbeknownst to the victim, an outgoing wire transfer was made against the victim's Ameris Bank account #2049590538 in the amount of $100,000.00, and sent to a J.P. Morgan Chase Bank, NA account #720153678. The recipient of the wire transfer and J.P. Morgan Chase Bank, NA account holder is identified as Alexander Centeno of 1021 N 71st Terrace Hollywood, FL.

    c. J.P. Morgan Chase Bank, NA identified this account to be under the business name DreamBig Worldwide Entertainment Industry, LLC with the address of 1021 N 71st Terrace Hollywood, FL. This account was opened on June 5th, 2025 with minor activity until July 1st, 2025, with the incoming wire transfer of $100,000.00. The name under the account is listed as Alexander Centeno located at 1021 N 71st Terrace Hollywood FL.

    d. This account was frozen by the bank representative due to suspected fraud. The bank has held approximately $100,000.00 in suspense in this J.P. Morgan Chase, NA account.

    e. Supporting documentation confirmed that J.P. Morgan Chase, NA account #720153678 was still on hold to date.

    f. Records for J.P. Morgan Chase NA bank account #720153678, belonging to DreamBig Worldwide Entertainment Industry, show it was opened on June 5th, 2025 with only two Zelle transactions for less than $300.00. Records show funds coming into the account in one large wire transfer immediately following periods of little to no activity. This activity is indicative of known fraud schemes and used to conceal the nature, source, and ownership of the funds.

### V. CONCLUSION

5. Based on the facts set forth above, there is probable cause to believe that the Subject Funds are subject to seizure pursuant to 18 U.S.C. § 981(b) and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) (rendering subject to forfeiture any property that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343), and § 982 (criminal forfeiture).

6. Based on my training and experience, I know that restraining orders served on banks sometimes fail to preserve the property for forfeiture because the bank representative receiving the restraining order fails to put the necessary safeguards in place to freeze the money in time to prevent the account holder from accessing the funds electronically, or fails to notify the proper personnel as to the existence of the order, or the bank exercises its own right of setoff to satisfy an outstanding debt owed to the bank by the account holder. In contrast, where electronic funds are concerned, a seizure warrant guarantees that the funds will be in the Government=s custody once the warrant is served.

7. This affidavit has been reviewed by Assistant U.S. Attorney Carrie Fisher Sherard.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1

David R. Paramore
USSS Task Force Officer

6

Subscribed to and sworn this __9__ day of July, 2025.

_____
THE HONORABLE KEVIN F. MCDONALD
UNITED STATES MAGISTRATE JUDGE

7